**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OMAR FOLK, | CIVIL NO. 3:13-CV-474 |
| Plaintiff | |
| vs. | |
| PRIME CARE MEDICAL, DAUPHIN COUNTY PRISON, PERRY COUNTY PRISON, ATTORNEY GENERAL OF PA, DAVID E. YEINGST, DOMINICK DEROSE, P.A. TONYA SCHISLER, LPN TOM TOOLAN, DR. MATTHEW LEGAL, LT. TWIGG, SGT. KELLER, THOMAS LONG, CITY OF HARRISBURG, PERRY COUNTY CITY, HEIDI R. FREESE, DAUPHIN COUNTY, C.O. CHARLES DONBAUGH, P.A. YOUNG, BOARD CHAIRMAN, PERRY COUNTY PRISON, CHAD CHENET and PERRY COUNTY PRISON BOARD, | HON. RICHARD P. CONABOY  ELECTRONICALLY FILED |
| Defendants | |

**BRIEF IN SUPPORT OF PERRY COUNTY DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a Complaint on February 21, 2013. Doc. 1.   Plaintiff's action arises, *inter alia*, out of his incarceration at the Perry County Prison.   Id.   Plaintiff attempts to assert the following claims against Defendants Perry County Prison, Warden Yeingst, Deputy Warden Long, Lieutenant Twigg, Sergeant Keller, Board Chairman of Perry County Prison, Charles Chenot (incorrectly identified as "Chad Chenet"), and Perry County Prison

Board, (hereinafter collectively "Perry County Defendants"): 1) a claim for deliberate indifference to a serious medical need and 2) a claim for denial of access to the courts.

Perry County Defendants have filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This Brief is filed in support thereof.

## II.    QUESTIONS PRESENTED

A.    Whether Plaintiff's Claim For Deliberate Indifference Should Be Dismissed When The Allegations In The Complaint And The Documents Attached Thereto Indicate That Plaintiff Was Provided Medical Care And That The Claim Is Based On Plaintiff's Mere Disagreement With The Course Of His Medical Treatment?

   Suggested Answer:        In the affirmative.

B.    Whether Plaintiff's Claim For Denial Of Access To The Courts Should Be Dismissed When Plaintiff Fails To Allege That The Denial Caused Actual Injury And When Plaintiff Admits That He Was Represented By Legal Counsel?

   Suggested Answer:        In the affirmative.

C.    Whether Defendant Perry County Prison Should Be Dismissed From The Case When Plaintiff Fails To Allege The Existence Of Any Municipal Policy, Custom, Or Practice Alleged To Be The Moving Force Behind Plaintiff's Purported Constitutional Harm?

   Suggested Answer:        In the affirmative.

D.  Whether The Individual Perry County Defendants Should Be Dismissed From The Case When Plaintiff Fails To Allege Their Personal Involvement In The Matters For Which He Has Filed Suit?

Suggested Answer:      In the affirmative.

E.  Whether Perry County Prison Should Be Dismissed As A Party To This Case Because It Is Not A Separate Legal Entity Subject To Suit

Suggested Answer:      In the affirmative.

## III.  ARGUMENT

### A.  Plaintiff's Deliberate Indifference Claim Is Legally Insufficient Because The Claim Arises Out Of Plaintiff's Mere Disagreement With The Course Of His Medical Treatment At The Perry County Prison

In the Complaint, Plaintiff attempts to assert a claim against Perry County Defendants for deliberate indifference to a serious medical need arising out of an alleged leg injury.  Doc. 1, *generally*.  However, the vague and disjointed nature of Plaintiff's Complaint renders it difficult to discern the factual basis upon which the deliberate indifference claim is based.  Plaintiff admits in the Complaint that he received care for his leg from medical professionals while incarcerated at the Perry County Prison.  Id. at 2, 4.  In addition, Plaintiff attaches several documents to his Complaint that evidence a consistent course of medical treatment for his knee, including an MRI, a hospital visit, and a surgical procedure.  Id. at 6, 8, 11-13, 17-18.

To demonstrate a *prima facie* case of cruel and unusual punishment based on the denial of medical care, a plaintiff must establish that defendants acted with

3

'deliberate indifference to his or her serious medical needs.'" <u>Montgomery v.</u> <u>Pinchak</u>, 294 F.3d 492, 499 (3d Cir. 2002) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 67 (3d Cir. 1993)).   This Honorable Court has expanded on the showing required to state a claim for deliberate indifference to a serious medical need:

> The standard established by the United States Supreme Court in <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) and its progeny has two prongs: 1) it requires deliberate indifference on the part of the prison officials and 2) it requires the prisoner's medical needs to be serious. <u>Monmouth Cnty. Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir. 1987) *cert. denied*, 486 U.S. 1006 (1988).

> With regard to the deliberate indifference prong, "it is only such [deliberate] indifference that can violate the Eighth Amendment; allegations of 'inadvertent failure to provide adequate medical care,' or of a 'negligence…diagnosis' simply fail to establish the requisite culpable state of mind.' <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991) (quoting <u>Estelle</u>, 429 U.S. at 97).

<u>Little v. Lycoming Cnty.</u>, 912 F.Supp. 809, 815 (M.D. Pa. 1996).

With respect to the first prong of the <u>Estelle</u> test, "[s]uch indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, or persistent conduct in the face of resultant pain and risk of permanent injury." <u>Robinson v.</u> <u>Doe</u>, No. 3:14-CV-376, 2014 WL 4968291, *2 (M.D. Pa. Oct. 3, 2014) (citations and quotation omitted).  With respect to the second prong of the <u>Estelle</u> test, "[a]

'serious medical need' is one 'that is so obvious that a lay person would easily recognize the necessity of a doctor's attention." Flanagan v. Shively, 783 F. Supp. 922, 932 (M.D. Pa. 1992) (quoting Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988)).

It is well-settled that a prisoner's "mere disagreement as to the proper medical treatment" does not give rise to an actionable claim for deliberate indifference. Atwell v. lavan, 557 F.Supp.2d 532, 551 (M.D. Pa. 2008) (quoting James v. Pennsylvania Dep't of Corrections, 230 Fed.Appx. 195, 197 (3d Cir. 2007)). Furthermore, "courts have repeatedly held that, absent some reason to believe that prison medical staff are mistreating prisoners, non-medical corrections staff who refer inmate medical complaints to physicians may not be held personally liable for medically-based Eighth Amendment claims." Njos v. United States, No. 3:14-CV-1960, 2015 WL 5695658, *9 (M.D. Pa. Sept. 24, 2015) (Carlson, M.J.) (citing Johnson v. Doughty, 433 F.3d 1001 (7th Cir. 2006); Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); Garvey v. Martinez, No. 08-CV-2217, 2010 WL 569852 (M.D. Pa. Feb. 11, 2010); Hodge v. United States, No. 06-CV-1622, 2007 WL 2571938 (M.D. Pa. Aug. 31, 2007)).

Here, Plaintiff's deliberate indifference claim is without legal merit. The allegations contained in the Complaint and the documents attached thereto do not indicate that any Perry County Defendant refused to provide Plaintiff with medical

care or otherwise exhibited deliberate indifference to any alleged medical need.  To the contrary, the pleading shows that Plaintiff was provided significant medical treatment for his leg, and that his claim arises only out of his disagreement over the course of that medical care.  Doc. 1, *generally*.  Further, because Plaintiff admits in his Complaint that he received care from medical professionals, id. at 2, the non-medical Perry County Defendants cannot be held liable for deliberate indifference as a matter of law.  Njos, *supra*.  Ultimately, there is no merit to Plaintiff's deliberate indifference claim because it is rooted in Plaintiff's mere disagreement over the course of his medical treatment and is asserted against non-medical individuals that were entitled to rely on the treatment decisions of the medical professionals who cared for Plaintiff while incarcerated at the Perry County Prison. Accordingly, Plaintiff's deliberate indifference claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B.    Plaintiff's Denial Of Access To The Courts Claim Is Without Merit Because Plaintiff Has Not Alleged Actual Injury And He Has Admitted That He Was Represented By Counsel**

In the Complaint, Plaintiff attempts to assert a claim for denial of access to the courts.  Although the Complaint itself is devoid of factual allegations to support the claim, the documents that Plaintiff attached to the Complaint indicate that the claim arises out of Plaintiff's dissatisfaction with the Perry County Prison law library.  Specifically, the documents attached to the Complaint indicate that

Plaintiff was dissatisfied with the hours in which he was permitted access to the law library and that prison officials would not print cases for Plaintiff's use.  Doc. 1 at 15, 19-20, 22, 24.  Plaintiff does not allege that he was refused access to the prison law library.  In addition, the documents Plaintiff attached to the Complaint indicate that Plaintiff was represented by counsel during the times at which he was dissatisfied with his access to the law library and printed case law.  Id. at 25-26.

This Honorable Court has explained the requirements of a *prima facie* claim for denial of access to the courts predicated upon the insufficiency of a prison law library:

> In order to sustain a claim for denial of the right of access to the courts based on an inadequate law library, an inmate must demonstrate that he suffered an "actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); see also O'Connell v. Williams, 241 Fed. Appx. 55, 57 (3d Cir. 2007).  In other words, "an inmate cannot establish a relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351.  A plaintiff must assert an actual injury by identify the nonfrivolous, arguable underlying claim compromised by the alleged denial of access.  Christopher v. Harbury, 536 U.S. 403, 415 (2002) (citing Lewis, 518 U.S. at 343).  "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id.  The underlying claim must be described with enough specificity "to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. at 416.

Isom v. Donate, No. 4:07-CV-946, 2008 WL 4609994, *3 (M.D. Pa. Oct. 14, 2008); see also Cross v. Losinger, No. 3:07-CV-415, 2007 WL 954313, *2 (citing

<u>Lewis</u>, 518 U.S. at 349-55) ("[T]o establish a denial of access to the courts, Plaintiff must show an actual injury."). This Court has explained also that a denial of access claim cannot proceed where the plaintiff was represented by legal counsel:

> The Supreme Court has held that to sustain a claim for denial of access to the courts, a right recognized by the United States Supreme Court in <u>Bounds v. Smith</u>, 430 U.S. 817 (1977), and expounded upon in <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), a prisoner must establish an actual denial of access to legal resources which caused him to suffer some injury or prejudice and that the underlying claim or theory which he sought to prosecute was not frivolous.  <u>See</u> <u>Monroe v. Beard</u>, 536 F.3d 198, 205-06 (3d Cir. 2008).  In that vein, courts have held outright that *access to court claims fail where the defendant has access to counsel*.  <u>See</u> <u>Tinsley v. Del Rosso</u>, 2008 WL 2236598 (D. N.J. May 30, 2008).

<u>Fisher v. Derose</u>, No. 1:12-CV-1014, 2013 WL 979457, *2 (M.D. Pa. Mar. 12, 2013) (emphasis added); <u>see also</u> <u>Hunter v. Schouppe</u>, No. 06-CV-1023, 2007 WL 120030, *4 (W.D. Pa. Jan. 10, 2007) (where the plaintiff was represented by counsel in his underlying criminal case, his "complaint fail[ed] to state a claim for denial of access to the courts as a matter of law"); <u>Pressley v. Johnson</u>, 268 Fed. Appx. 181, 183 (3d Cir. 2008) (dismissing the plaintiff's denial of access to the courts claim where the docket for his underlying criminal case indicated that he was represented by counsel in that proceeding).

Plaintiff has not stated a claim for denial of access to the courts. Importantly, Plaintiff has failed to allege that he suffered actual injury as a

8

consequence of his dissatisfaction with the Perry County Prison law library. <u>See</u> Doc. 1, *generally*. In the absence of any allegations suggesting that the alleged issues with the law library damaged Plaintiff's ability to prevail on a non-frivolous legal claim or defense in an underlying legal matter, Plaintiff's denial of access claim is patently without merit. <u>Isom</u>, *supra*. Similarly, Plaintiff admits that he was represented by legal counsel during the times in which he was dissatisfied with the law library, which legal representation is also fatal to his denial of access claim. <u>Fisher</u>, *supra*. For these reasons, Plaintiff's denial of access claim is without legal merit, and the claim should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**C.    Defendant Perry County Prison, Board Chairman Of Perry County Prison and Perry County Prison Board Should Be Dismissed From This Suit Because Plaintiff Does Not Allege That Any Prison Policy, Practice, Or Custom Was The Cause Of His Alleged Constitutional Harm**

Plaintiff has named Perry County Prison, Board Chairman of Perry County Prison and the Perry County Prison Board as Defendants in this action. Doc. 1. However, the United States Court of Appeals for the Third Circuit has stated that "[o]ur jurisprudence is clear that '[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom.'" <u>McTernan v. City of York</u>, 564 F.3d 636, 657 (3d Cir. 2009) (citing <u>Beck v. City of Pittsburgh</u>,

89 F.3d 966, 971 (3d Cir. 1996); Monell v. New York City Dep't of Social Servs.,

436 U.S. 658 (1978)).  Thus, the Third Circuit has found that Monell has "created a

'two-path track' to municipal liability, depending on whether a § 1983 claim is

premised on a municipal policy or custom."  Id.  The Third Circuit has declared

that in determining whether a policy or custom exists in order to attach liability to a

municipality under Monell:

> A government policy or custom can be established in two ways.
> Policy is made when a 'decisionmaker possess[ing] final authority to
> establish a municipal policy with respect to the action' issues an
> official proclamation, policy, or edict.   A course of conduct is
> considered to be a 'custom' when, though not authorized by law,
> 'such practices of [municipal] officials [are] so permanently and well-
> settled' as to virtually constitute law.

Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990).  Lastly, "[c]ustom

requires proof of knowledge and acquiescence by the decisionmaker."  McTernan,

564 F.3d at 658 (citing Watson v. Abington Twp., 478 F.3d 144, 154 (3d Cir.

2007)).  "Once a § 1983 plaintiff identifies a municipal policy or custom, he must

'demonstrate that, through its deliberate conduct, the municipality was the 'moving

force' behind the injury alleged.'"  Berg v. Cnty. of Allegheny, 219 F.3d 261, 276

(3d Cir. 2000) (quoting Bd. of Cnty. Comm'rs of Bryan Cty. v. Brown, 520 U.S.

397, 404 (1997)).   Finally, because Monell liability "requires an underlying

constitutional violation," a Monell claim should be dismissed when a plaintiff fails

to establish the existence of a constitutional deprivation.  M.S. ex rel. Hall v.

10

Susquehanna Twp. Sch. Dist., 43 F.Supp.3d 412, 420 (M.D. Pa. 2014) (citing

Marable v. W. Pottsgrove Twp., 176 Fed.Appx. 275, 283 (3d Cir. 2006)).

In the instant case, Plaintiff does not allege that any Perry County Prison

policy, practice, or custom was the cause of his alleged constitutional harm.  In the

absence of any such policy, practice, or custom, Plaintiff's claims against the Perry

County Prison are frivolous.  Moreover, as explained above, Plaintiff has failed to

allege the existence of any underlying constitutional deprivation, which is also

fatal to his claims against the Perry County Prison.  In light of the fact that Plaintiff

has failed to state an underlying constitutional deprivation attributable to a

municipal policy, practice, or custom, Defendant Perry County Prison, Board

Chairman of Perry County Prison, and Perry County Prison Board should be

dismissed from this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.

**D.      Plaintiff's Claims Against The Individual Perry County Defendants Should Be Dismissed Because Plaintiff Fails To Allege That Those Individuals Were Personally Involved The Acts And/Or Omissions For Which Plaintiff Has Brought Suit**

In the Complaint, Plaintiff does not allege that any individual Perry County

Defendant—*i.e.* Defendants Yeingst, Long, Keller, Twigg, and Chenot—was

personally involved in the provision of Plaintiff's medical care or Plaintiff's use of

the prison law library.  With respect to Defendants Yeingst, Keller, and Twigg,

Plaintiff's Complaint does not include any factual allegations whatsoever

11

concerning their involvement in the matters allegedly giving rise to this suit.  See Doc. 1, *generally*.  With respect to Defendants Long and Chenot, Plaintiff does not allege that those individuals were involved in the acts and/or omissions giving rise to his constitutional claims, but, rather, Plaintiff alleges that those individuals were involved in the grievance process that flowed from the alleged constitutional deprivations.  See id. at 3-4.

Section 1983 liability cannot be imposed against a state or local actor absent allegations of personal involvement:

> It is well established that personal liability under section 1983 cannot be imposed on a state official based on a theory of *respondeat superior*.  See, *e.g.* Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976); Parratt, *supra*.  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  Id.  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which the Plaintiff's claims are based.  Id.  As the Court stated in Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988):
>
> > A defendant in a civil rights action must have personal involvement in the alleged wrongs….[P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.
>
> A civil rights complaint must state time, place, and responsible persons.  Id.

<u>Atwell v. Lavan</u>, 557 F.Supp.2d 532, 541 (M.D. Pa. 2008). "Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement." <u>Reed v. Harpster</u>, No. 3:09-CV-1618, 2010 WL 55464, *4 (M.D. Pa. Jan. 7, 2010) (citing <u>Rode</u>, 845 F.2d at 1208).

Here, Plaintiff's Complaint contains no allegations of personal involvement with respect to Defendants Yeingst, Twigg, and Keller. Similarly, with respect to Defendants Long and Chenot, Plaintiff's Complaint alleges only that those individuals were involved in after-the-fact communications concerning Plaintiff's grievances over medical care and the prison law library, which allegations are insufficient to establish personal involvement as a matter of law. Ultimately, Plaintiff has failed to allege personal involvement as against any individual Perry County Defendant, and those individuals should be dismissed from this suit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**E.     Perry County Prison Should Be Dismissed As A Party To This Case Because It Is Not A Separate Legal Entity Subject To Suit**

This Honorable Court recently held that a county prison is not a separate legal entity that may be subjected to suit under Section 1983:

> Varvel has named the Dauphin County Prison as a defendant. However, a county jail is not a proper defendant in a § 1983 action because it is not a person and therefore, not subject to suit under 42 U.S.C. § 1983. <u>See</u> <u>Fischer v. Cahill</u>, 474 F.2d 991, 992 (3d Cir. 1973) (holding that a "state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); <u>Nesmith v. Beaver Cty. Jail</u>, Civ. A. No. 11-388, 2012 WL 3245495 at *11 (W.D. Pa. Aug. 8, 2012)

13

(finding that the jail is not an entity that is properly subject to suit and would be dismissed as a defendant even if complaint was not deficient).   The complaint against the Dauphin County Prison is therefore subject to dismissal.

Varvel v. Hoover, No. 3:14-CV-1759, 2014 WL 4792605, *2 (M.D. Pa. Sept. 24, 2014); see also Heim v. York Cty. Prison, No. 3:10-CV-1369, 2013 WL 1414638, *4 (M.D. Pa. Apr. 8, 2013) (dismissing York County Prison as a defendant in a Section 1983 lawsuit and holding that the York County Prison is not a person subject to suit under Section 1983).

Plaintiff attempts to bring suit against Perry County Prison pursuant to 42 U.S.C. § 1983.  Perry County Prison, however, is not an entity subject to suit in a Section 1983 proceeding since it is not separate from Perry County.  Accordingly, Perry County Prison should be dismissed as a Defendant in this case.

## IV.   CONCLUSION

For the foregoing reasons, Perry County Defendants respectfully request that this Honorable Court grant their Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

Dated:      2/17/16            By:      /s/ David L. Schwalm
                                        David L. Schwalm, Esquire
                                        PA Attorney I.D. No. 32574
                                        Matthew R. Clayberger, Esquire
                                        PA Attorney I.D. No. 316102
                                        POB 999
                                        Harrisburg, PA  17108-0999
                                        (717) 255-7643

## <u>CERTIFICATION OF WORD COUNT</u>

In accordance with Local Rule 7.8, the undersigned hereby certifies that the total word count for Defendants' Brief in Support of their Motion to Dismiss totals 3,406 words according to the "Word Count" function available in Microsoft Word, which is within the number of words permitted by Local Rules.

**THOMAS, THOMAS & HAFER, LLP**

By:   */s/ David L. Schwalm*
          David L. Schwalm, Esquire

## <u>CERTIFICATE OF SERVICE</u>

I, David L. Schwalm, Esquire, of the law firm of Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document(s) was served upon all parties of record in the manner and on the date set forth below:

<u>Via First Class Mail:</u>

Omar Folk
70338-067
SPECIAL MAIL – OPEN ONLY IN
PRESENCE OF THE INMATE
USP – Allenwood
POB 3000
White Deer, PA  17887

**THOMAS, THOMAS & HAFER, LLP**

Date: 2/17/16           By:   */s/ David L. Schwalm*
                             David L. Schwalm, Esquire

1942417.1