IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR FOLK, | : |
| Plaintiff | : |
| | : No. 3:13-CV-0474 |
| v. | : |
| | : Judge Conaboy |
| PRIME CARE MEDICAL, et al, | : |
| | : |
| | : Electronically Filed Document |
| | : |
| Defendants | : |

### OFFICE OF ATTORNEY GENERAL OF PENNSYLVANIA'S BRIEF IN SUPPORT OF MOTION TO DISMISS

The Attorney General of Pennsylvania ("OAG"), by Chief Deputy Attorney General Kenneth L. Joel, files this Brief in Support of its Motion to Dismiss.[1] For the reasons that follow, the Complaint filed by Omar Folk ("Plaintiff") is without merit and must be dismissed with prejudice.

### INTRODUCTION/PROCEDURAL HISTORY

On February 21, 2013, Plaintiff apparently filed a Complaint against a host of individuals and entities stemming from what he believes was inappropriate

---

[1] There are several other defendants and other attorneys have entered appearances for many of them. There remain a few defendants that appear to be related to Prime Medical Care and, at this time, seem to be unrepresented. The undersigned represents OAG.

1

medical treatment at the hands of a private health care provider and local officials. ECF 1. As it relates to OAG, there is not a single fact alleged. Indeed, Plaintiff does not name OAG anywhere in his Complaint. Id. Nevertheless, this Court entered an Order on January 6, 2016 directing service of the Complaint. ECF 18. Since OAG is listed on the docket of this matter—despite no allegations of fact against us—we have filed a Motion to Dismiss and this Brief supports that Motion.

### FACTUAL ALLEGATIONS

Plaintiff alleges various actions by private health care providers, doctors, nurses, and local officials. Nothing is alleged against OAG.

### STATEMENT OF QUESTIONS

1. Whether Plaintiff's Complaint, as against OAG, must be dismissed because it is barred by the Eleventh Amendment.

2. Whether Plaintiff's Complaint, as against OAG, must be dismissed because OAG is not a "person" for purposes of 42 U.S.C. § 1983.

3. Whether Plaintiff's Complaint, as against OAG, must be dismissed because there are no factual allegations made against OAG or any of its employees.

Defendants submit that all of these questions should be answered "yes."

## ARGUMENT

### A. The Standard For A Motion To Dismiss

Rule 8 demands more than "the-defendant-unlawfully-harmed-me" accusation. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In fact, a complaint that offers nothing more than "labels and conclusions" or a "'formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 555). Instead, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 570); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, at 1950. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal,* at 1950. Put another way, where a "complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of 'entitlement to relief.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 557).

**B.     Plaintiff's Complaint Is Barred By The Eleventh Amendment**

The Supreme Court has consistently interpreted the Eleventh Amendment to preclude suits against a state or its agencies in federal court, by citizens of that state or other states. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238 (1985); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Employees v. Department of Public Health and Welfare*, 411 U.S. 279 (1973); *Hans v. Louisiana*, 134 U.S. 1 (1890). And, while a state may consent to suit against it in federal court, Pennsylvania has not done so either generally or in this case. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). OAG is certainly an entity of the Commonwealth. As such, the Eleventh Amendment bars Plaintiff's suit against it and the Complaint must be dismissed.

**C.     OAG Is Not A "Person" Under 42 U.S.C. § 1983**

Plaintiff sues OAG. Case law is clear that such a claim for damages cannot stand. *See, e.g., Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Estate of Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850, 854 (3d Cir. 2014) (state agency is not a "person" for purposes of § 1983). The Complaint, as against OAG, therefore, must be dismissed with prejudice.

**D.     Plaintiff Alleges No Facts As Against OAG Or Any Employee Of OAG**

Initially, it is well-settled that § 1983 does not provide the substantive right to redress; rather, these statutes merely provide a cause of action to vindicate other Constitutional or federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (§ 1983); *Great American Savings & Loan Association v. Novotny*, 442 U.S. 366, 372 (1979) (§ 1985).

To succeed under § 1983, therefore, Plaintiff must allege, and ultimately prove, that OAG—or, more specifically, an employee of OAG—violated a right secured to him by the U.S. Constitution or federal law, that OAG—or, more specifically, an employee of OAG—acted under color of state law and that OAG's conduct—or, more specifically, the conduct of an OAG employee—caused him damages. *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 590 (3d Cir. 1998). Further, Plaintiff must allege (and ultimately prove) personal involvement by an OAG employee. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999); *Richardson v. Sherrer*, No. 06-4699, 2008 WL 5272052, *3 (D. N.J. December 17, 2008) (noting that § 1983 cause of action requires allegations of personal involvement and dismissing amended complaint, with prejudice, for failure to proffer such factual allegations).

With respect to the requirement of personal involvement: "alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in

depriving the plaintiff of [her] rights is insufficient." *Ozoroski v. Maue*, No. 1:08-CV-0082, 2009 WL 414272, at *10 (M.D. Pa. February 18, 2009) (quoting *Kirk v. Roan*, No. 1:04-CV-1990, 2006 WL 2645154, at *3 (M.D. Pa. September 14, 2006); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Here, the Complaint is utterly devoid of factual allegations against OAG—or any employee of OAG—to establish any type of § 1983 claim.[2] OAG is not listed as a defendant and there is no allegation that OAG—or its employees—ever had custody over Plaintiff or did anything to Plaintiff. Put simply, Plaintiff has failed to factually allege a plausible § 1983 claim against OAG—or any employee of OAG—and his Amended Complaint must be dismissed with prejudice.[3]

---

[2]   There is no allegation that any of the unrepresented parties are employees of the Office of Attorney General.

[3]   To the extent that Plaintiff meant to sue Kathleen Kane, there is similarly no allegation that she did anything to Plaintiff. Thus, Plaintiff's Complaint must be dismissed.

## **CONCLUSION**

For these reasons, then, OAG respectfully requests that this Court dismiss, with prejudice, Plaintiff's Complaint and direct the clerk to close this matter.

                                    **Respectfully submitted,**

                                    **BRUCE R. BEEMER**
                                    **First Deputy Attorney General**

                            **By:**   *s/ Kenneth L. Joel*
                                    **KENNETH L. JOEL**

**Office of Attorney General**　　　　　**Chief Deputy Attorney General**
**15ᵗʰ Floor, Strawberry Square**　　**Attorney ID 72370**
**Harrisburg, PA 17120**
**Phone: (717) 787-8106**
**Fax:     (717) 772-4526**
**kjoel@attorneygeneral.gov**

**Date:  February 29, 2015**　　　　　　　**Counsel for Attorney General of**
                                                               **Pennsylvania**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR FOLK, | : |
| **Plaintiff** | : |
| | : No. 3:13-CV-0474 |
| v. | : |
| | : Judge Conaboy |
| PRIME CARE MEDICAL, et al, | : |
| | : |
| | : Electronically Filed Document |
| | : |
| | : |
| | : |
| | : |
| **Defendants** | : |

## CERTIFICATE OF SERVICE

I, Kenneth L. Joel, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on February 29, 2016, I caused to be served a true and correct copy of the foregoing document titled **Brief in Support of Motion to Dismiss** to the following:

**VIA U.S. MAIL**

Omar Folk, 70338-067
USP – Allenwood
P.O. Box 3000
White Deer, PA  17887
*Pro Se Plaintiff*

**VIA ELECTRONIC FILING**

Frank J. Lavery, Jr., Esquire
Joshua M. Autry, Esquire
Lavery Faherty
P.O. Box 1245
225 Market Street, Suite 304
Harrisburg, PA  17108-1245
flavery@laverylaw.com

jautry@laverylaw.com
*Counsel for Defendants Dauphin County Prison, Dominick DeRose, City of Harrisburg*


**David L. Schwalm, Esquire**
**Matthew Clayberger, Esquire**
**Thomas Thomas & Hafer, LLP**
**305 North Front Street**
**P.O. Box 999**
**Harrisburg, PA  17108-0999**
dschwalm@tthlaw.com
mclayberger@tthlaw.com
*Counsel for Defendants Perry County Prison, David E. Yeingst, Lt. Twigg, Sgt. Keller, Thomas Long, Board Chairman Perry County Prison, Chad Chenet and Perry County Prison Board*


  *s/Kenneth L. Joel*
**KENNETH L. JOEL**
Chief Deputy Attorney General