IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OMAR FOLK,                                    ) CIVIL NO. 3-13-CV-474
                                              )
        PLAINTIFF                             )
VS.                                           )
PRIME CARE MEDICAL, DAUPHIN COUNTY             ) HON. RICHARD P. CONABOY
PRISON, PERRY COUNTY PRISON, ATTORN           )
GENERAL OF PA, DAVID E, YEINGST,              )
DOMINICK DEROSE, PA TONYA SCHISLER            )
LPN TOM TOOLAN, DR. MATHEW LEGAL              )
LT. TWIGG, SGT. KELLER, THOMASLONG            )
CITY OF HARRISBURG, PERRY COUNTY              )
CITY, HEIDI R. FREESE, DAUPHIN                )
COUNTY CO. CHARLES DONBAUGH, DR.              )           FILED
YOUNG, BOARD CHAIRMAN, PERRY                  )          SCRANTON
COUNTY PRISON, CHARLES CHENOT,                )
AND PERRY COUNTY PRISON BOARD                 )         MAR 0 3 2016
        DEFENDANTS

                                                       Per____/n_____
                                                           DEPUTY CLERK

PLAINTIFF MOTION TO OPPOSITION
DEFENDANTS MOTION TO DISMISS COMPLAINT

AND NOW, Plaintiff USP Allenwood Po. Box 3000, White Deer, PA

17887, Objects To Perry County Prison, Perry County Defendants,

Warden David E. Yeingst, Deputy Warden Thomas Long, Lieutenant

twigg, Sergant Keller, Board Chairman of Perry County Prison,

Charles Chenot Prison, PA Tonya Schisler, LPN Tom Toolan

Prime Care Medical, et al., Dauphin County Prison, City

of Harrisburg, Dominick L. Derose, Pro-se litigant haines v

kerner 404 us 519, 520(1972). Plaintiff Strike Defendants

claim dismiss pursuant to rule 12(b)(6).

1. Plaintiff initiated this this action by filing a compliant on February 21, 2013 Doc 1.

    A. Plaintiff Deliberate Indifference Claim is legally sufficient an Plaintiff Objects Perry County Prison Defendants and Prime Care Medical et al., Dauphin County Prison and Dominick L.Derose , City of Harrisburg

2. In the Complaint, Plaint establish a claim against Perry County Prison Defendants and Prime Care Medical, et al., City of Harrisburg, Dauphin county Prison and Dominick L. Derose for deliberate indiffernce to a serious medical need arising out of alleged leg injury.

3. Plaintiff argues the facts once transfer from Dauphin county Prison were he seen doctor Young couple times then sent to Perry county prison to arrive and was seen by LPN Tom Toolan who did plaintiff intake and mark down plaintiff leg was swollen, foot,calf and knee with no flexion in right leg plaintiff advised Tom to notified Warden because Plaintiff was schedule to go out to see outside Doctor Per Dauphin County Plaintiff filed grievance in Dauphin county and exhausted remedy past Warden Dominick L. Derose and was sent letter to have grievance in front of the Prison Board Dauphin County Then was Transfer in the course of the action which was establish that plaintiff showed pre-existing injury on and can not be denied for deliberate indifference claim because plaintiff had same injury in april 2008 patella tendon ruptor to right knee while playing basketball which cause immediate opperation and was done at Memorial Hospital by Dr. Mitrick in York,Pa. White v Bukowski 800 f.3d 392(7d cir sept, 2015)

To establish failure exhaust administrative remedies under 42 U.S.C.S 1997e(a) The fact uninformed about any deadline for filing a grievance not told that her transfer date would be the deadline. Similar to plaintiff arguement that inmate did not no of transfer from Dauphin County Prison.

4. The facts are when Warden's notified pre-existing injury The fact Warden 's could of said that we are not taking plaintiff in our prison and order Marshalls to take plaintiff Dauphin Hospital instead of accepting him in Perry county prison. (Same) Rex v Legihn county prison,516 fed appx 102 Rex was in motorcycle accident and was taking to the jail refuse to take him and Prime Care Medical also then he was taken to the Hospital this proper procedure.

5. Plaintiff talk to Warden Yengst, Karen Barclay in visit area about medical needs told him " I need surgery on my right knee experience same problem""In 2008 april" playing basketball I could'nt bend my right knee, leg now the same with left one even worst knee cap separated from knee and also swollen with edema all through plaintiff leg with serve excruciating pain all the way down plaintiff foot.

6. Plaintiff establish two x-rays 7-27-12 and 8-15-12 at Dauphin County Prison first x-ray, was ruled normal but had old osgood schlatters disease of the anterior tibal tuberosity no acute bony abnormality noted, Mild degenerative changes are seen. Although cannot exclude movement and slight displacement

of this fragment when compared to the last x-ray exam. August 30, 2012 during intake it was disclose to LPN Tom Toolan Prime Care Medical, joint problems (R)knee lower ext. R knee grossly Enlarged, Feet swelling extends into and GU system(R)quad (R) calf.

7. Its proven plaintiff showing overacts were he suffers cruel and unusal punishment without never being offer cane for several months. Unlike Enright v US 2015 Dist Lexis 114326 August 28, 2015) Inmate was in Perry county prison and was diabetic didnot want the cane even though he was issue one on record. Bucks v berks County Prison, Board Board, 208 fed appx 177 Dec 15, 2006. Kruger v Lancaster County 2015 US Dist Lexis 28658 March 9, 2015 Prime Care Medical INC held accountable Dr. Robert Shambaugh and Dr. Elicia Stern and even in Defendant's brief they cite Spruill v Gillis 372 f.3d 218 Jan 13, 2004 the facts are still accomplish that Dr. Shawn McGlaughlin and PA Nurse Brian Brown held responsible deliberate indifference claim. Now it establish Dr. Young, Tonya Schisler and LPN Tom Toolan responsible for deliberate indifference against Prime Care Medical Staff. Boswell v Claiborne Parish Det Ctr. 2015 US app Lexis 18540 Oct 21, 2015, contact federal bureau of investigation and the American Civil Union regarding his treatment at facility and his claim is not frivolous. Plaintiff similar Prison society 245 N. Broad St. Phila. Pa 19107 and they refered plaintiff John Hargreaves 1280 Clover LN. Harrisburg, Pa 17113, He contact Counselor Karen wilson in regards to my surgey and told them

plaintiff need surgey ASAP with in days defendant went outside and he came to visit plaintiff few days later to make sure I recieve surgey him and another man.

8. In the content of eight amendment claim "Deliberate indifference" Is proved as constitutional violation involving medical care or treatment, A detainee must prove that government has acted with deliberate indifference to his serious medical needs. Estelle v Gamble, 429 US 97,104-105 ,97 S.ct 285, 50 L ED 2d 251(1972) The deliberate indifference standard is only met when a detainee proves that government agency knew of and disregarded his serious medical need. Dotson v Fischer 613 fed appx 35 2d cir june 2, 2015, Inmate was complaining of deliberately being denied adequate medical treatment by prison offials which serious medical needs dued to ear having serve pain the delay cause cyst in his ear one year later. Plaintiff argue same in the affirmative were establish that it took several months until plaintff recieve outside assistance as well as his family members complaining and calling John Hargreaves through the prison society and ACLU Chris Calabreese 125 Broad St. 18th Floor New York, NY 10004. In regards to my issue not being resolve in proper way. Dyeman v Ahsan, 560 fed appx 129 Feb 26, 2014, Show he was prescribed extra mattress and soft shoes. Rouse v Plantier, 182 f.3d 192(3d cir 1999) Dykeman has stated eighth amendment claim that his claim should have not been dismssed for failure to state a claim. Njos v Kane, 2015 US

Dist Lexis 27160 MD Pa(2015)(Reward 20,000 for back injury) Plaintiff seek 300,000 reward or up 500,000 dued to pre-existing injury of the left, right knee which was patella tendon ruptor and same with left knee even worst my it was establish plaintiff knee cap was seperated from his knee showing that obviously something was wrong there and it should of not took the defendant that long to care for plaintiff also from walking on the left leg for several months it cause knee cap to be (stuck) underneath quadricep causing serve excruciating to the plaintiff well being and mental state causing emotionale stress to plaintiff well being hoping he will not died because of blood clot to right leg. Plaintiff argue Peet v Beard, 2015 US Dist Lexis 158958 MD. PA Nov. 25, 2015 Adminstrative grievence process need to be exhaust prior to seeking redress in federal court Unlike Plaintiff in his case sought grievance and was exhaust all the way up to dauphin county Board, Perry county Prison denied sent numerous complaint trying seek grievance even wrote to Chairman Board of Perry county prison Charles Chenot therefore its no affirmative defense that Defendant's are requiring in there Brief. The Circuit ruled Dripper v Tobelinski 604 f.3d 778(3d cir 2010) That even if eve of trial and seven months after the dispositive motions deadline, without securing leave of court. District court dismiss plaintiff claim. It was violation Rule(6)(b) of federal rules of civil procedures.
The appeals court remanded that moving party could file rule 6(b)(1)(B) motion. Ebert v Prime Care Medical., INC 602 fed appx 61 feb 2, 2015 the warden Meisel was indefferent to the alleged risk

Ebert sustained injuries as result of the purported "policy" (He would have to show that Defendants were deliberately indifferents to serious medical need under this stanard allegation of mere negligence or malpractice is insufficient. (Same) Plaintiff case showed to be injury and Defendants did not act on it.

9. Plaintiff establish Perry County Defendant's and Prime Care Medical et., al should be held liable for deliberate indifference as a matter of a law.

WhereFore, Plaintiff prays Honorable Court should denied Perry County Defendant's and Prime Care Medical et., al Motion to Dismiss pursuant to rule 12(b)(6) of the Federal rules of civil procedure.

B. Plaintiff Object to Defendant's Denial of access to the Courts Claim Is Without Merit Because Plaintiff Alleged Actual injury To Court.

10. Plaintiff argues that Fisher v Derose No. 1:12-cv-1014, 2013 WL 979457,(MD PA MAR 12, 2013) Is along the lines but not similar difference was plaintiff is pro-se on criminal case and civil at that time of filing the compliant with mental problem also held segregation not population with no court transcripts stating plaintiff had the right of eight hours a week or even then instead three hours. Does not support plaintiff argue not same.

11. Plaintiff arguement stems from here pointing out that inmate claim of deliberate indifference was " legally complicated when a typical failure-to-treat claim because" Expert testimony likely would be required to assess adeqacy of treatment had

inmate recieved. But without a lawyer to assist him in locating expert testimony. Goodvine v Monese 622 fed appx 579 oct 29, 2015 Smith v Price 610 fed appx 113 MD Pa. 2015, Prison struggled inmate video viewed and recorded both incidents from multiple angles( Plaintiff Similar Sgt. Keller video Plaintiff while I just feel out bunk and ask to be taken hospital. Wall v Bushman 2015 US app lexis 22418 MD. Pa. dec 22, 2015( Establish plaintiff pre-existing claim)

12. Plaintiff argue actual injury to his denial of access to the court similar case Pronin v Johnson 2015 us app lexis 17577 aug. 29,(2015) Inmate loss of his leg al papers which he alleges resulted from officer J. Burke failure secure his papers while being remove cell officer Johnson disposal of a portion of the documents. The fact plaintiff mental state biplor, racing mindset Plaintiff sprayed with mase Kingsley v hendrickson 801 f.3d 828 sept. 2015, Kingsley v hendrickson, 135 sct 2466 192 L.Ed 2d 416 2015 Us lexis 4073(Us 2015) Whitney v Varner 2015 US Dist Lexis 126327 sept. 22,(2015) retaliatory mistreatment by prison officials over his initiation of administrative grievances. Was subjected to unconstitutional conditions of conditions of confinement with housed in smith field restricted RHU. Mitchell v horn 318 f.3d 523(3d cir 2003).

13. Plaintiff establish actual injury to his Denial of access to the court Sgt. Keller and Lt. Twigg conspired to keep pplaintiff in hole. Plaintiff was allowed thirty minutes may be hour at times in segregation. Fell out bunk in D2 Date 2-25-13

on the floor got altercation with Sgt. Keller and other staff as well then plaintiff was taken to D1 and went through emotionale breakdown and felt like dying and starting peaing on the floor and just not caring what will happen and seen the pysch few times and stated he did'nt care what happens because his life was over dued to the time he was facing and the fact about his serve injury. Then he place in segregation and then was sprayed with latter date for not coming to the gate fast enough complain about medical needs asking for grievance to Sgt. Keller for letting plaintiff be attack while in Hospital. Plaintiff even had Lt. Wilt on third shift print out outgoing and incomingmail. Because first shift tamper with plaintiff mail Sgt. Keller Lt. Twigg.

14. Plaintiffs denial of access claim should be granted as matter law.

Wherefore, Plaintiff respectfully request that this Honorable Court denied Defendant's Motion to Dismiss Pursuant to Rule 12 (b)(6) of the federal Rules of Civil Procedures.

   C. Plaintiff Object Perry County Prison, Board Chaiman Perry County Prison, Perry county Prison Board and Dauphin County Prison Board Should Be Dismissed from the Suit.

15. Plaintiff does allege that Perry County Prison policy was the moving force behind constitutional violation.

16. Plaintiff argues Perry County Prison, Perry county Prison Board Chairman, Perry county Board Member Charles Chenot, Dauphin county Board, Should be granted parties to this suit under matter of law.

17. Municipality liable under 42 U.S.C 1983 if the plaintiff suffered constitutional claim that fall under municipal policy practice, or custom.

18. Plaintiff tried seek numerous grievances form and was denied by Defendant's at the Perry County Prison and even sought letter to board of prisons to speak with or even resolve grievance by Mr. Chenot no response. Whitney v Varner 2015 US Dist lexis 126327, Mitchell v Horn 318 f.3d 523(3d cir 2003) Plaintiff is not at fault when when jail denieds him access to court to file grievance and exhaust his remedy.

19. To state a claim for inadequate medical treatment, Burks v Berks county prison, Prison Board, 208 fed appx 177 Dec 15, 2006 Wherefore, Plaintiff respectfully request that this Honorable Court denied their motion to Dismiss, Perry County prison, Chairman Perry County Prison and Dauphin county Prison Board under motion pursuant to rule 12(b)(6) of the federal rules of civil procedure.

D. Plaintiff objects Defendant's should Be Dismissed Because Plaintiff fails to allege that those Individuals were personally Involved in the Acts And / or Omissions For which Plaintiff brought suit.

20. Plaintiff establish all defendant's are liabel unlike Rode v Dellarciprete 845 f.2d 1195(3d cir 1988) Plaintiff establish that he shows defendant's should be held accountable.

21. Plaintiff notified and ask defendant's multiple times for grievance and was denied process for retaliation. Plaintiff was

seeking to sue these individual. Bond v Home, 553 fed appx 219 jan 22, 2014(3d cir 2014) Smith v price 610 fed appx 113 MD(2015) Sgt. Keller and Lt. Twigg (same)

22. Plaintiff allegations stem from deliberate indifference and delay grievance process that that all defendant's were notified about before Doc 1 was filed as a claim. Wherefore, plaintiff respectfully request that this Honorable Court denied Defendant's Motion to dismiss pursuant to rule 12(b)(6) of the federal rules of civil procedure.

   E. Plaintiff Object Perry County Prison, Dauphin County prison city of Harrisburg Should not be dismissed as a party's to this case because It is not seperate legal Entity subject to suit.

23. Plaintiff estiblish that eleventh Amendment immunity state hospital and state county jail. Dismissal was reversed and remand Plaintiff was force out of Dauphin County Hospital in care of perry county prison Sgt. keller, spearman v nickelos 2015 US Dist lexis 147427 Wd Pa Oct 30, 2015 Large v wash cnty corr. facility 2015 US Dist lexis 117799 WD PA Sept 3, 2015.

24. Plaintiff Objects Perry County Prison, Dauphin county Prison, City Of Harrisburg Dued to Grayson v Mayview state Hosp. 293 f.3d 103(april 6, 2001) enlight of dismissal of the party's motion pursuant to rule 12(b)(6) of federal rules of civil procedures.

Wherefore, Plaintiff respectfully request that this Honorable Court denied Defendant's Motion to Dismiss Pursuant to Rule 12 (b)(6) of the federal Rules of Civil Procedures.

Respectfully Submitted,

OMAR Folk

DATED 2-26-16

*Omar Folk*
USP ALLENWOOD
Po. Box 3000
WHITE DEER, PA 17887

CERTIFICATE OF SERVICE

I, Omar Folk, Hereby state that a true and correct copy of the foregoing document was served upon all parties of record in the manner and on the date set forth below:

Via First Class Mail:

LAVERY LAW
225 Market street suite 304
Po. Box 1245
Harrisburg, Pa 17108-1245

THOMAS,THOMAS & Hafer LLP
305 North Front Street
Po. Box 999
Harrisburg, Pa 17108-0999

Date 2-26-16

_____
OMAR FOLK PRO-SE



LEGAL MAIL

Clerk of Courts
235 N. Washington AVE
PO Box 1148
Scranton, PA 18501-1148

LEGAL MAIL