**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OMAR FOLK, | : | NO. 3:13-CV-00474-RPC-JVW |
| Plaintiff | : | |
| | : | JUDGE RICHARD P. CONABOY |
| v. | : | |
| | : | *ELECTRONICALLY FILED* |
| PRIMECARE MEDICAL, DAUPHIN | : | |
| COUNTY PRISON, ATTORNEY GENERAL | : | CIVIL ACTION – LAW |
| OF PA, DAVID E. YEINGST, DOMINICK | : | |
| DeROSE, P.A. TONYA SCHISLER, LPN | : | JURY TRIAL DEMANDED |
| TOM TOOLAN, DR. MATTHEW LEGAL, LT. | : | |
| TWIGG, SGT. KELLER, THOMAS LONG, | : | |
| CITY OF HARRISBURG, PERRY COUNTY | : | |
| CITY, HEIDI R. FREESE, DAUPHIN | : | |
| COUNTY, C.O. CHARLES DONBAUGH, | : | |
| P.A. YOUNG, BOARD CHAIRMAN PERRY | : | |
| COUNTY PRISON, CHAD CHENET and | : | |
| PERRY COUNTY PRISON BOARD, | : | |
| Defendants | : | |

**MEDICAL DEFENDANTS' BRIEF IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

### I.    PROCEDURAL HISTORY

Plaintiff initiated this *pro se* prisoner Section 1983 action against Defendants, PrimeCare Medical, Inc. (erroneously identified as PrimeCare Medical), William W. Young, M.D. (erroneously identified as P.A. Young), Tanya Schisler, PA-C (erroneously identified as P.A. Tonya Schisler), and Thomas Toolan, LPN (hereinafter the "PrimeCare Medical Defendants") by Complaint on February 21, 2013. (Doc. 1.) PrimeCare Medical Defendants now file a Motion to Dismiss and this Brief in Support pursuant to Rule 12(b)(6).

## II.   <u>STATEMENT OF FACTS</u>

This matter arises from Plaintiff's incarcerations at Perry County Prison and Dauphin County Prison.  Plaintiff alleges that William W. Young, M.D., Tanya Schisler, PA-C, Thomas Toolan, LPN, and PrimeCare denied his requests for specific treatment as it related to his knee, as well as delay in treatment which resulted in recurring pain.

Plaintiff does not make any specific allegations as against the individuals, William W. Young, M.D., Tanya Schisler, PA-C and Thomas Toolan, LPN, beyond alleging that they were deliberately indifferent to his serious medical condition.  Plaintiff does not make any allegations regarding policies or customs of PrimeCare.

## III.   <u>ISSUES PRESENTED</u>

A.   SHOULD THIS COURT DISMISS PLAINTIFF'S ACTION WHERE HE HAS FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL CONDITION ON THE PART OF ANY OF THE DEFENDANTS?

B.   SHOULD THIS COURT DISMISS PLAINTIFF'S CLAIM AGAINST PRIMECARE WHERE HE HAS FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH A <u>MONELL</u> CLAIM?

<u>Suggested Answer to Both</u>: Yes. This Court should dismiss Plaintiff's action with prejudice, because he has failed to allege facts sufficient to permit recovery against any of the Defendants.

## IV.    ARGUMENT

Under the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must plead sufficient factual allegations, which, taken as a whole, state a facially plausible claim to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint satisfies the threshold of facial plausibility if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*citing* Twombly, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to establish plausible allegations to survive the motion. Id. at 1949 (*citing* Twombly, 550 U.S. at 555). In analyzing the complaint, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (*quoting* Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). However, the court may disregard any legal conclusions in the complaint. Id. at 210-11 (*citing* Iqbal, at 1949).

When presented with a motion to dismiss for failure to state a claim, courts should conduct a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. Pa. 2009). First, the factual and legal elements of a claim should be separated. Id. The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. Second, a court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Iqbal, 129 S. Ct. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. Id. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief'." Iqbal, 129 S. Ct. at 1950. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

**A.   PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH DELIBERATE INDIFFERENCE ON THE PART OF ANY OF THE DEFENDANTS, AND THEREFORE THIS COURT SHOULD DISMISS HIS ACTION, WITH PREJUDICE.**

In order to prove a § 1983 claim, a plaintiff must establish that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived him of a right, privilege, or immunity secured by the Constitution or by laws of the United States. Cohen v. City of Phila., 736 F.2d 81, 83 (3rd Cir. 1984). A defendant's conduct must have a close causal connection to the plaintiff's injury for §

1983 liability to attach. <u>Martinez v. Cali.</u>, 444 U.S. 277 (1980). Negligent conduct is not actionable. <u>West v. Atkins</u>, 487 U.S. 42, 54 (1988).

The United States Supreme Court espoused the standard necessary to establish a claim for a violation of the Eighth Amendment law of cruel and unusual punishment in the context of medical care in <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). The <u>Estelle</u> standard has two prongs: (1) deliberate indifference on the part of the prison officials; and (2) the prisoner's medical needs must be serious. <u>Estelle v. Gamble</u>, <u>supra</u>.; <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2nd 326, 346 (3rd Cir. 1987), <u>cert. denied</u> 486 U.S. 1006 (1988). A plaintiff must prove specific facts which show that the defendant exhibited a "deliberate indifference" to his serious medical needs. <u>Little v. Lycoming Co.</u>, 912 F. Supp. 809, 815 (M.D. Pa., 1996), <u>aff'd</u> 101 F.3d 691 (3rd Cir. 1996). Deliberate indifference is more than inadvertence or good faith error. It is characterized by "obduracy and wantonness." <u>Whitley v. Albers</u>, 475 U.S. 312 (1986).

Negligent misdiagnosis or an inadvertent failure to provide care does not establish a Constitutional violation. <u>Estelle</u>, at 97. "The courts will not intervene upon allegation of mere negligence, mistake or difference of opinion . . . [f]or a Constitutional tort to arise and for a cause of action to be stated under Section 1983, the complainant must allege deliberate indifference to his continued health and well-being." <u>Bowring v. Godwin</u>, 551 F.2d 44, 48 (4th Cir. 1977). Moreover, there must be proof that the conduct alleged was deliberate and intentional. <u>Hampton v. Holmesburg</u>, 546 F.2d 1077, 1081 (3rd Cir. 1976). Exceptional circumstances must be present, amounting to

conduct so grossly incompetent, or inadequate, or excessive as to shock the general conscience or to be intolerable to fundamental fairness. Walnorch v. McMonagle, 412 F. Supp. 270, 274 (E.D. Pa. 1976), citing Gittlemacher v. Prasse, 428 F.2d 1 (3rd Cir. 1970).

"In order to be considered 'serious,' '[t]he detainee's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." Tsakonas v. Cicchi, 308 Fed. Appx. 628, 632 (3d Cir. 2009) (non-precedential opinion), citing Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991). A denial or delay of medical treatment is serious when it results in "unnecessary and wanton infliction of pain" or "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims sounding in state tort law. U.S. ex rel. Walker v. Fayette Cnty. Pa., 599 F.2d 573, 575, n 2 (3rd Cir. 1979). A disagreement between a medical provider and the plaintiff as to the medical diagnosis and treatment does not constitute deliberate indifference. U.S. ex rel. Walker, supra. "The Eighth Amendment does not guarantee a prisoner's choice of a physician, a mode of treatment or a place of treatment, nor does or could it guarantee a particular outcome or level of comfort in the face of physical maladies." Green v. Fisher, 2014 U.S. Dist. LEXIS 1764, 28 (M.D. Pa. Jan. 8, 2014), (internal citation omitted).

Here, Plaintiff has clearly failed to show deliberate indifference on the part of the Medical Defendants as he has not made any allegation of personal involvement in his medical care or wrongdoing on their parts, beyond general averments that the treatment was either insufficient or inadequate.   This Court should therefore dismiss Plaintiff's claims as to these Defendants, with prejudice.

### B.   PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH A <u>MONELL</u> CLAIM AGAINST PRIMECARE.

Vicarious liability claims are not recognized under § 1983. <u>Monell v. New York City Dep't of Soc. Servs</u>., 436 U.S. 658, 690-92, (1978). "It is well established that, [a] private corporation contracted by a prison to provide health care for inmates cannot be held liable on a respondeat superior theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs." <u>Henry v. Buskirk</u>, 2011 U.S. Dist. LEXIS 18644 (E.D. Pa. 2011) (citing <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 583-84 (3d Cir. 2003) and <u>Monell v. New York City Dep't of Soc. Servs</u>., 436 U.S. 658, 690-92, (1978). Not all action rises to the level of a custom or policy. <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 584 (3d Cir. 2003). A policy is made when a decision maker possessing final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict. <u>Id</u>. A custom is an act, while not approved by a decision maker, is so widespread as to have the force of law. <u>Id</u>.

In this matter, this Court should dismiss Plaintiff's claim against PrimeCare, as he has not set forth any allegations against it that would entitle him to relief. Nowhere in the Amended Complaint does Plaintiff make any allegation regarding policies or customs of

PrimeCare, and it is undisputed that vicarious liability claims are not recognized under §

1983. <u>Monell</u>, 436 U.S. at 690-92. Furthermore, regardless of what policies or customs

PrimeCare has or had, those policies or customs did not result in deliberate

indifference, as Plaintiff received medical care in response to his complaints regarding

hepatitis, just not the medication that he believed he needed. Plaintiff's claim amounts

to nothing more than a disagreement as to treatment. And because Plaintiff has not

stated a facially plausible claim against PrimeCare, this Court should dismiss Plaintiff's

claim against PrimeCare, with prejudice.

      **WHEREFORE**, for the reasons stated herein the Medical Defendants respectfully

request that this Court dismiss Plaintiff's action in its entirety, with prejudice.

Respectfully submitted,

JOHNSON, DUFFIE, STEWART & WEIDNER

By:    *s/John A. Lucy*

      John A. Lucy, Esquire
      Attorney I.D. No. 203948
      301 Market Street ~ P. O. Box 109
      Lemoyne, PA  17043-0109
      Telephone (717) 761-4540
      Email:  jal@jdsw.com

Date: March 4, 2016      Attorney for Medical Defendants
764304

## CERTIFICATE OF SERVICE

I hereby certify on the 4th day of March, 2016, that the foregoing **MEDICAL DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Frank J. Lavery, Jr., Esquire
Joshua M. Autry, Esquire
Lavery Law
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA  17108-1245
flavery@laverylaw.com
jautry@laverylaw.com
*Attorneys for Defendants, Dauphin County Prison, Warden Dominick DeRose, and City of Harrisburg*

David L. Schwalm, Esquire
Matthew Clayberger, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
P.O. Box 999
Harrisburg, PA  17108-0999
dschwalm@tthlaw.com
mclayberger@tthlaw.com
*Attorneys for Defendants Perry County Prison, David E. Yeingst, Lt. Twigg, Sgt. Keller, Thomas Long, Board Chairman Perry County Prison, Chad Chenot and Perry County Prison Board*

Kenneth L. Joel, Esquire
Chief Deputy Attorney General
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA  17120
kjoel@attorneygeneral.gov

Chad J. Sweigart, Esquire
John G. Dean, Esquire
Meghan M. Carey, Esquire
Elliott Greenleaf & Dean
39 Public Square, Suite 1000
Wilkes-Barre, PA  18701
cjs@elliottgreenleaf.com
jgd@elliottgreenleaf.com
mmc@elliottgreenleaf.com
*Attorneys for Defendant Heidi R. Freese*

I further hereby certify that a copy of the foregoing **MEDICAL DEFENDANTS'**

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**, has been

served on the following non CM/ECF participant by depositing the same in the United

States Mail, postage prepaid, in Lemoyne, Pennsylvania on March 4, 2016:


Omar Folk (70338-067)
**Special Mail – Open only in
the Presence of the Inmate**
USP - Allenwood
P.O. Box 3000
White Deer, PA  17887
*Pro Se Plaintiff*


JOHNSON, DUFFIE, STEWART & WEIDNER

By:      *s/John A. Lucy*
          John A. Lucy