IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


OMAR FOLK,                          :
                                    :
            Plaintiff               :
                                    :
      v.                            :    CIVIL NO. 3:CV-13-474
                                    :
PRIME CARE MEDICAL, ET AL.,         :    (Judge Conaboy)
                                    :
            Defendants              :

---

## MEMORANDUM
## Background

Omar Folk, an inmate presently confined at the Allenwood
United States Penitentiary, White Deer, Pennsylvania (USP-
Allenwood), initiated this pro se civil rights action.  Service of
the Complaint (Doc. 1) was previously ordered.

Named as Defendants are the Perry County, Pennsylvania
Prison and the following prison officials: Warden David Yeingst,
Deputy Warden Thomas Long; Lieutenant Twigg; Sergeant Keller; the
Perry County Prison Board and its Chairman Charles Chenot
(hereinafter the Perry County Defendants).  Also named as
Defendants are Prime Care Medical, City of Harrisburg; the Dauphin
County Prison and officials at that facility; the Attorney General
of Pennsylvania; and Assistant Federal Public Defender Heidi R.
Freese.

1

According to the Complaint and attached exhibits,[1] Plaintiff injured himself in the gym on July 27, 2012 while confined in the Dauphin County Prison.  Folk allegedly suffered injury to his leg which "was swollen real bad."  Doc. 1 ¶ IV. Following the incident, he was given treatment by the prison medical staff which included ice, crutches, and pain medication. The Plaintiff was subsequently transferred to the Perry County Prison,[2] where he alleges that he was denied adequate medical treatment for his injured painful leg which was still swollen.  The Complaint does acknowledge that x-rays and an MRI were taken and indicate that a surgical procedure was eventually performed.  Folk also alleges that he was denied adequate access to the prison law library and photocopying.  He also asserts a claim against his court appointed federal public defender for failure to obtain a trial continuance and allegedly providing him with poor advice.

Presently pending is a motion to dismiss filed by the Perry County Defendants.  <u>See</u> Doc. 29.  The opposed motion is ripe for consideration.

### Discussion

Perry County Defendants seek dismissal of the Complaint on the grounds that: (1) the Perry County Prison is not a properly

---

1.  It is initially noted that the Complaint is sparsely worded and at times difficult to decipher.

2.  The Complaint does not state when Plaintiff was transferred to Perry County.  Attached exhibits show only that he was still at the Dauphin County Prison on August 6, 2012 and arrived at the Perry County Prison at some point prior to September 13, 2012.

named defendant; (2) a viable denial of access to the courts claim has not been stated; (3) the Perry County Defendants' alleged conduct does not support a claim of deliberate indifference to a serious medical need; and (4) the Complaint fails to establish personal involvement by the Perry County Defendants in any constitutional violations.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action.  Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."

3

Id.   Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief.  See id. at 679.  Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief.  See id. at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555.  The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action).  Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

Plaintiff indicates that during the relevant time period or at least a portion thereof that he was a federal pre-trial detainee.  Any such claims by Folk will be considered under the due process clause of the Fourteenth Amendment as opposed to the Eighth Amendment, which is the applicable standard for incarcerated persons.  Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005).

**Perry County Prison**

The initial argument for dismissal contends that the Perry County Prison is not a properly named defendant.

4

Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.  See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995).   There is also no claim set forth in the Complaint that his constitutional rights were violated as the result of any policy, custom or practice of the Perry County Prison.  See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978). Pursuant to the above standards, the Perry County Prison is clearly not a person and therefore not subject to civil rights liability. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).[3]  Accordingly, this request for dismissal will be granted.

**Access to the Courts**

The Perry County Defendants next argue that a viable claim of denial of access to the courts has not been stated since Plaintiff was represented by legal counsel during the relevant time period underlying this action and Folk has not alleged that he suffered any actual injury to a non-frivolous litigation effort as a result of any alleged wrongful conduct by Perry County Prison officials.

---

3.    There is also no discernible claim by Plaintiff that his constitutional rights were violated as the result of any established policy of the Perry County Prison. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978).   As such, the Perry County Prison Board is likewise entitled to entry of dismissal.

5

Prisoners enjoy a constitutional right of meaningful access to the law libraries, legal materials, or legal services. <u>Bounds v. Smith</u>, 430 U.S. 817, 821-25 (1977). The United States Supreme Court in <u>Lewis v. Casey</u>, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under <u>Bounds</u>, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts. Under the standards mandated by <u>Lewis</u>, in order for an inmate to state a claim for interference with his legal work, he must demonstrate that he has suffered actual injury. See <u>Oliver v. Fauver</u>, 118 F.3d 175, 177-78 (3d Cir. 1997)(concluding that <u>Lewis</u> effectively requires a showing of actual injury where interference with legal mail is alleged).

The Moving Defendants correctly note that Plaintiff was represented by a federal public defender with respect to his then pending federal criminal proceedings. Exhibits attached to the Complaint also indicate that while at the Perry County Prison Folk had an attorney for pending state proceedings. See Doc. 1, p. 25. Therefore, there is no basis for a claim of actual injury with respect to any adverse court determination which transpired during the period when Folk was represented by counsel.[4]

Second, prisoners have no right to free photocopying for use in lawsuits. <u>Johnson v. Moore</u>, 948 F. 2d 517, 521 (9th Cir. 1991)("denial of free photocopying does not amount to a denial of access to the courts"); <u>Harrell v. Keohane</u>, 621 F. 2d 1059 (10th

---

4.  Per Folk's request his federal criminal defense attorney was eventually designated to act as standby counsel.

Cir. 1980); Jenkins v. Porfiro, Civil Action No. 3:CV-95-2048,
slip op. at 1 (M.D. Pa. May 15, 1996) (Caputo, J.). It has also
been held that there is no requirement that the government or a
defendant has to pay for an indigent plaintiff's litigation
efforts. Smith v. Yarrow, 78 Fed. Appx. 529, 544 (6th Cir. 2003).
Simply put, neither this Court nor prison officials are
constitutionally required Plaintiff with free photocopying.
Finally, the Complaint is devoid of any facts showing that
Plaintiff suffered any injury to any federal or state litigation
because of denial of sufficient access to the Perry County Prison
law library.

Based upon those considerations and the failure of the
Complaint to present facts showing that Folk suffered actual injury
to a non-frivolous litigation effort because of some intentional
impediment by the Perry County Defendants, dismissal will be
granted with respect to the claims of denial of access to the
courts.

**Personal Involvement**

The next argument for dismissal asserts that there are no
allegations that the individual Perry County Defendants, Warden
Yeingst; Deputy Warde Long, Lieutenant Twigg; Sergeant Keller and
Board Chairman Chenot were personally involved in any conduct
related to the inmate's use of the law library, his medical care,
or any alleged act of constitutional misconduct.

A plaintiff, in order to state an actionable civil rights
claim, must plead two essential elements: (1) that the conduct
complained of was committed by a person acting under color of law,

7

and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Inmates also do not have a constitutional right to a prison grievance system.  See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.").  Consequently, any attempt by Plaintiff to establish liability against a defendant solely based upon the substance or

lack of response to his institutional grievances does not by itself support a constitutional due process claim.  See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

With respect to the Moving Defendants, the Complaint generally contends only that they "denied me law access" and were aware of his medical problems and "did not tried [sic] to help further."  Doc. 1, ¶ IV.  Based on those vague assertions and the exhibits attached to the Complaint which show that Folk submitted grievances to the many of the individually named Perry County defendants, it is apparent that Plaintiff is attempting to establish liability against the Perry County Defendants based upon either their respective supervisory capacities or their review of his institutional grievances.  Pursuant to the above discussion, either approach is insufficient for establishing civil rights liability against those Defendants and they are entitled to entry of dismissal.

## Deliberate Indifference

The Perry County Defendants correctly note that the Complaint and attached exhibits show that while in the Perry County Prison Plaintiff received treatment for his leg injury which included an MRI, a hospital visit, and a surgical procedure.  See Doc. 30, p. 3.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need.  See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).  In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).  Dental care has been recognized an important medical need of inmates. Petrazzoulo v. United States Marshals Service, 999 F. Supp 401, 407 (W.D.N.Y. 1998)

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347.  "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth

10

Cty. Corr. Inst. Inmates, 834 F.2d at 347).  Assuming arguendo that the Complaint did satisfy the serious medical need threshold, there are no facts asserted which could establish that could support a claim of deliberate indifference.

With respect to the subjective deliberate indifference component, the Supreme Court has established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994).  A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008)("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").The Court of Appeals for the Third Circuit in Durmer

11

added that a non-physician defendant can not be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff.  However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented.  See id.

Plaintiff has also failed to satisfy the deliberate indifference requirement of Estelle.  Specifically, all of the Perry County defendants are non-medical defendants.  The Complaint acknowledges that Folk was under the carte of the prison medical staff while at the Perry County Prison and there is no assertion that any of those Defendant officials delay ed or denied any prescribed treatment.  Accordingly, entry of dismissal in favor of the Perry County Defendants is appropriate with respect to the claim of deliberate indifference to Plaintiff's dental needs.[5]  An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 18th, 2016

FILED
SCRANTON

AUG 1 8 2016

PER _____
DEPUTY CLERK

---

5.  Moreover, any claim as to the quality of the treatment performed would sound in negligence and therefore not properly asserted in a civil rights action.

12