IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

OMAR FOLK,

      Plaintiff

  v.                                    :   CIVIL NO. 3:CV-13-474

PRIME CARE MEDICAL, ET AL.,           :   (Judge Conaboy)

      Defendants

## MEMORANDUM
### Background

This *pro se* civil rights action was filed by Omar Folk, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood). By Memorandum and Order dated August 18, 2016, dismissal was granted in favor of Defendants Perry County, Pennsylvania Prison; Warden David Yeingst, Deputy Warden Thomas Long; Lieutenant Twigg; Sergeant Keller; the Perry County Prison Board and Chairman Charles Chenot. See Doc. 64.

Remaining Defendants are Prime Care Medical, City of Harrisburg; the Dauphin County Prison and officials at that facility; the Attorney General of Pennsylvania; and Assistant Federal Public Defender Heidi R. Freese.[1]

---

1. The Attorney General of Pennsylvania (OAG) is not listed in the caption of the Complaint as being a Defendant. However, Plaintiff prepared a summons indicating that the Attorney General was a Defendant. See Doc. 20, p. 2. At the time this matter was initiated Kathleen Kane was the Attorney General of Pennsylvania,
(continued...)

1

The sparsely worded Complaint alleges that Folk suffered a leg injury in the gym of the Dauphin County Prison on July 27, 2012. See Doc. 1 ¶ IV. Thereafter, although Plaintiff was allegedly given insufficient treatment by the prison medical staff. Folk was subsequently transferred to the Perry County Prison,[2] where he alleges that he was denied adequate medical treatment for his injured painful leg which was still swollen. The Complaint does acknowledge that x-rays and an MRI were taken and indicate that a surgical procedure was eventually performed. Folk also alleges that he was denied adequate access to the prison law library and photocopying. He also asserts a claim against his court appointed federal public defender for failure to obtain a trial continuance and allegedly providing him with poor advice.

Presently pending is a motion to dismiss filed by the Attorney General of Pennsylvania. See Doc. 38. The opposed motion is ripe for consideration.

## Discussion

The Attorney General of Pennsylvania seeks dismissal of the Complaint on the grounds that: (1) the OAG is not a properly named defendant; and (2) the Complaint does not raise any factual allegations against the OAG or any of its employees.

---

1. (...continued)
she has since resigned from that position.

2. The exact date of his transfer is unclear. Attached exhibits show only that Folk was at the Dauphin County Prison on August 6, 2012 and arrived at the Perry County Prison at some point prior to September 13, 2012.

2

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.

3

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

Plaintiff indicates that during the relevant time period or at least a portion thereof that he was a federal pre-trial detainee. Any such claims by Folk will be considered under the due process clause of the Fourteenth Amendment as opposed to the Eighth Amendment, which is the applicable standard for incarcerated persons. Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005).

**Eleventh Amendement**

The Moving Defendant initially argues that any claim against the OAG is barred by the Eleventh Amendment and it is not a person ofr purposes of § 1983. See Doc. 39, p. 4.

In order to state a viable civil rights claim he must make a showing that the conduct complained of was committed by a person acting under color of law and that said conduct deprived him of a right, privilege, or immunity secured by the Constitution or by a

4

statute of the United States. Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir. 1984).

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Court of Appeals for the Third Circuit has likewise concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court established that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity" are not subject to civil rights liability in federal court. Howlett v. Rose, 496 U.S. 356, 365 (1990). After Will, the Third Circuit Court of Appeals directed that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider: whether the state would be responsible for the payment of any judgment rendered against the agency; the source of the agency's funding; and the degree of autonomy enjoyed by the agency, as well as other similar factors. Bolden v. Southeastern Pennsylvania Transp. Auth., 953 F.2d 807, 818 (3d Cir. 1991).

In the instant case, payment of any judgment rendered against the OAG, a Pennsylvania state agency, would have to be paid out of the Pennsylvania state treasury. Furthermore, the OAG

receives all of its funding from the state and does not enjoy any measure of autonomy. Therefore, it is clear under <u>Pugh</u>, <u>Will</u>, and <u>Bolden</u> that the OAG is not a "person" for the purpose of § 1983 and, therefore, not a properly named defendant. Accordingly, to the extent that the Complaint is attempting to pursue a claim against the OAG any such claim is subject to dismissal as the OAG is not a properly named Defendant in this matter.

**Personal Involvement**

The next argument for dismissal asserts that there are no allegations that ex Attorney General Kathleen Kane or any member of the OAG was personally involved in any conduct related to the alleged acts of constitutional misconduct. See Doc. 39, p. 5.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of <u>respondeat superior</u>. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Hampton</u>

v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Inmates also do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, any attempt by Plaintiff to establish liability against a defendant solely based upon the substance or lack of response to his institutional grievances does not by itself support a constitutional due process claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

A review of the Complaint shows that are absolutely no allegations of personal involvement in constitutional misconduct set forth against former Attorney General Kane or any member of the

OAG. In fact there is no mention whatsoever of OAG or any of its staff anywhere in the Complaint.[3] Second, the OAG, a state agency, is not involved in the daily operations or supervision of county correctional facilities such as the Perry or Dauphin County Prisons. There is also no claim by Plaintiff that his constitutional rights were violated as the result of any policy, custom or practice of the OAG. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978).

Pursuant to the above discussion, any attempt to by Folk to establish liability against Kane or any OAG employees based upon either their respective supervisory capacities or their failure to respond to his complaints is insufficient for establishing civil rights liability against the OAG. In conclusion, entry of dismissal is warranted since there is no discerbile claim set forth against the Moving Defendant. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 24th, 2016

---

3. Moreover, as noted earlier herein, neither the OAG nor any of its employees are listed as being defendants in the caption of the Complaint. The Plaintiff did prepare a summons indicating that the Attorney General was a Defendant. See Doc. 20, p. 2.