IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

OMAR FOLK,                              :
                                        :
            Plaintiff                   :
                                        :
      v.                                :   CIVIL NO. 3:CV-13-474
                                        :
PRIME CARE MEDICAL, ET AL.,             :   (Judge Conaboy)
                                        :
            Defendants                  :

_____

## MEMORANDUM
### Background

Omar Folk, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood) initiated his pro se civil rights action. By Memorandum and Order dated August 18, 2016, dismissal was granted in favor of Defendants Perry County, Pennsylvania Prison; Warden David Yeingst, Deputy Warden Thomas Long; Lieutenant Twigg; Sergeant Keller; the Perry County Prison Board and Chairman Charles Chenot. See Doc. 64.

An August 24, 2016 Memorandum and Order granted the Attorney General of Pennsylvania's motion to dismiss. See Doc. 67. By Memorandum dated September 1, 2016, a motion to dismiss by Defendants City of Harrisburg, Dauphin County Prison, and Warden DeRose was granted. See Doc. 69.

Remaining Defendants are Prime Care Medical, staff members of the Dauphin County Prison facility; and Assistant Federal Public Defender Heidi R. Freese. Plaintiff states that Attorney Frees was court appointed to represent him with respect to a federal criminal

1

prosecution. Folk briefly alleges that Freese violated his constitutional rights by failing to obtain a trial continuance. The Complaint vaguely contends only that [1] Plaintiff had informed counsel that he wanted a continuance, Freese, when asked by the court is she was ready, gave an answer which made no sense. See Doc. 1, ¶ IV (2). The Plaintiff adds that he eventually elected to proceed pro se in those proceedings because of "poor advice" and Frees thereafter acted as standby counsel. Id.

The remainder of the Complaint raises claims which do not pertain to Attorney Freese. Presently pending is Defendant Freese's motion to dismiss. See Doc. 58. The opposed motion is ripe for consideration.[2]

## Discussion

Defendant Freese claims entitlement to dismissal on the grounds that: (1) she is not a properly named defendant; (2) a viable due process claim has not been stated; and (3) the claims against Freese are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual

---

1. Plaintiff has filed both an opposing brief as well as an untimely motion to amend his complaint.

2. Folk was ultimately convicted of the federal criminal charges. A letter attached to his Complaint indicates that he was granted leave to proceed pro se at sentencing. See Doc. 1, p. 26.

2

allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery

3

under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Public Defender**

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

It is equally well-settled that public defenders and court appointed counsel do not act under color of state law for purposes of § 1983 when performing a traditional lawyer's functions to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 318 n. 7 (1981); Black v. Bayer, 672 F.2d 309, 320 (3d Cir.), cert. denied, 459 U.S. 916 (1982). Rankine v. Server, 2001 WL 322517 (E.D. Pa. Feb. 13, 2001)(defense counsel does not act under color of state law); Figueroa v. Clark, 1992 WL 122872 (E.D. Pa. June 1, 1992)(a court appointed attorney represents only his client and not the state).

The allegations against Assistant Federal Public Defender Freese are entirely premised on actions taken by that Defendant the course of the Plaintiff's criminal defense.  Thus, under the standards announced in Polk and Black, Defendant Freese was not acting under color of state law for purposes of § 1983 and is not a properly named Defendant.

**Heck**

In Heck, the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whole unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his federal conviction. There is no indication that Folk has successfully challenged either his federal conviction or sentence.  Consequently, pursuant to Heck, Folk's Complaint to the extent that it seeks an award of monetary damages against Defendant Freese is premature because he cannot maintain a cause of action for monetary damages until his federal conviction is overturned.[3]

---

3. Based upon the Court's determinations herein, discussion of
(continued...)

5

**Pendent Jurisdiction**

Plaintiff's opposing brief to the motion to dismiss also indicates that he now wishes to pursue state law claims against Attorney Freese. See Doc. 61, p. 6. It is well settled that federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Aldinger v. Howard, 427 U.S. 1, 9 (1976). Supplemental jurisdiction may be declined over a claim when the court has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3) (1997). When rendering a determination regarding pendent jurisdiction district courts should consider judicial economy, convenience, and fairness to the litigants. New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent claim. Id. (citing Lentino v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)). However, if a federal claim is dismissed prior to trial, the district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Since this Court shall dismiss the federal claims against

---

3. (...continued)
the Moving Defendant's remaining argument is not required.

Defendant Freese, jurisdiction will be declined with respect to any pendent state law claims that Plaintiff wishes to pursue. Defendant Freese's motion to dismiss will be granted.[4]  An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JANUARY 26, 2017

---

4. With respect to Folk's previously mentioned untimely motion to amend his complaint, the motion does not indicate that it was address any of deficiencies outlined by Defendant Freese's pending motion to dismiss. Accordingly, the motion will be denied with respect to Defendant Freese.

7