IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR FOLK, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-13-474 |
| | : |
| PRIME CARE MEDICAL, ET AL., | : (Judge Conaboy) |
| | : |
| Defendants | : |

_____

**MEMORANDUM**
**Background**

This pro se civil rights complaint was filed by Omar Folk, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood) initiated. A Memorandum and Order issued August 18, 2016, granted dismissal in favor of Defendants Perry County, Pennsylvania Prison; Warden David Yeingst, Deputy Warden Thomas Long; Lieutenant Twigg; Sergeant Keller; the Perry County Prison Board and Chairman Charles Chenot. See Doc. 64.

By Memorandum and Order dated  August 24, 2016, the Attorney General of Pennsylvania's motion to dismiss was granted. See Doc. 67. A September 1, 2016 Memorandum and Order granted Defendants City of Harrisburg, Dauphin County Prison, and Warden DeRose's motion to dismiss. See Doc. 69. More recently, a Memorandum and Order dated January 27, 2017, granted a motion to dismiss by Defendant Heidi R. Freese, an Assistant Federal Public Defender.

1

Remaining Defendants include Prime Care Medical, Inc.;[1] Physician's Assistant (PA) Tanya Shisler; Nurse Tom Toolan; and Doctor William Young (collectively the Medical Defendants). Presently pending is a motion to dismiss filed by the Medical Defendants. See Doc. 48. The opposed motion is ripe for consideration.

Plaintiff contends that while he was confined at the Dauphin County prison, his "leg was swollen real hard" because of a knee injury. Doc. 1, ¶ IV. The x-ray results were negative. He was given ice and crutches. Plaintiff admits that he also seen by Doctor Young, who "felt leg was dislocated." Id. The Complaint also states that Doctor Young ordered x-rays, an MRI, and stronger pain medication.

An exhibit attached to the Complaint, specifically an August 6, 2012 Memorandum from Dauphin County Warden DeRose, indicates that Folk hurt his knee on July 27, 2012 in the Dauphin County Prison gym. See Doc. 1, p. 7. The exhibit adds that Plaintiff was prescribed x-rays, pain medication, medical restrictions, crutches, and an ACE wrap that same day. DeRose also noted that Plaintiff would not allow complete examinations during two follow up visits with the prison medical staff. Other exhibits show that Plaintiff was confined at the Perry County Prison between September-December 2012 where he had an MRI and was scheduled for surgery on December 11, 2012. See id. at p. 11.

---

1. PrimeCare is a private corporation which has been contracted to provide health care for inmates.

2

Folk also generally contends that Defendants Shisler and Toolan did not provide treatment "fast enough." Id. Folk futher alleges that because his knee has not been properly treated for seven months, he will require surgery.

## Discussion

Medical Defendants claim entitlement to dismissal on the grounds that: (1) a viable claim has not been sufficiently asserted against Defendant PrimeCare; and (2) the complaint fails to set forth any facts which could support a deliberate indifference claim.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556.

3

A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**PrimeCare**

The Medical Defendants' initial argument contends that asserts that "Plaintiff does not make any allegation regarding policies or customs of PrimeCare." Doc. 49, pp. 7-8. Consequently, the Medical Defendants argue that Plaintiff is

4

improperly attempting to establish liability against PrimeCare solely on a vicarious liability theory, i.e., that its employees were deliberately indifferent to his medical needs.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

A review of the complaint establishes that there are no allegations of constitutional misconduct directly asserted against PrimeCare. Rather, the complaint generally maintains that medical

5

staff at the Dauphin and Perry County Prisons failed to provided him with adequate medical care for his knee injury.

Based on the nature of Folk's allegations, it is apparent that he is attempting to establish liability against PrimeCare solely on the basis that it employs medical staff members who were involved in his care. There are clearly no claims that the alleged constitutional misconduct was caused by any PrimeCare policy, practice or custom. Thus, under the standards developed in Capone, Plaintiff's assertions are insufficient for purposes of establishing liability against PrimeCare under § 1983. Since there are no allegations that PrimeCare had direct involvement or acquiescence in any constitutional misconduct, it is entitled to an entry of dismissal.

**Deliberate Indifference**

The remaining Medical Defendants assert that the Complaint fails to allege any facts which could support a claim that any of them acted with deliberate indifference to Plaintiff's medical needs. See Doc. 49, p. 4.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of

6

medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

With respect to the serious medical need requirement, Plaintiff's allegation that he has been diagnosed and treated for a knee injury is sufficient at this juncture to satisfy the serious medical need requirement.

Under the subjective deliberate indifference component of Estelle, the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). A complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a

7

valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").

It is initially noted that due to the vagueness of the Complaint it is unclear as to whether Defendants Shisler, Toolan, and Young provided medical care to Plaintiff at the Dauphin County Prison, the Perry County Prison, or both.  Based upon an application of Estelle, the Complaint to the extent that it seeks to establish liability against Shisler and Toolan based solely on the vague contention that they did not provide care fast enough is insufficient to satisfy the subjective deliberate indifference

8

component.[2]  Given that exhibits accompanying the Complaint show that Plaintiff was provided with care on July 27, 2012, the same day he injured his knee and thereafter had treatment which included x rays, MRI and ultimately surgery on December 11, 2012 there was clearly timely and ongoing care provided to Plaintiff.  As such, those claims at best would represent Folk's disagreement with the quality of the medical care provided to him, assertions which are not actionable in a civil rights action.  See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986)(medical negligence does not expose a defendant to liability under § 1983).  Simply put, "[a]llegations of negligent treatment are medical malpractice claims, and do not trigger constitutional protections." Whooten v. Bussanich, No. 07-1441.  Dismissal will be granted in favor of Defendants Shisler and Toolan with respect to the vague assertion that they did not act in a timely fashion.

With respect to the vague claim that Doctor Young was deliberately indifferent; the Complaint contends only that at some unknown point Doctor Young felt that Plaintiff had a dislocated leg, ordered x-rays and prescribed stronger pain medication.  This brief assertion simply does not support a claim of deliberate indifference.  Since it would appear that the ordering of an x-ray was an reasonable response, there is simply no factual basis for a claim that Young failed to provide needed or timely treatment.

---

2.  This determination is bolstered by Plaintiff assertions in his opposing brief that he was only seen by Shisler on the day of his injury and that Toolan only performed an intake evaluation of the Plaintiff when he entered the Perry County Prison.

Although Plaintiff's assertion that there was an unwarranted delay in surgery from July 28, 2012 to December 11, 2012, that could arguably set forth a claim of medical malpractice/negligence, the brief, vague factual assertions set forth against the individual Medical Defendants are insufficient to support an assertion of deliberate indifference.  Based upon the facts alleged in the Amended Complaint, this is not a case where medical treatment was denied.  There is also no assertion that treatment was delayed for a non-medical reason.  Plaintiff also acknowledges that initial treatment was provided on the day of his injury and that diagnostic testing and additional care was given which culminated in surgery being scheduled.

Plaintiff's sparse claims against the individual Medical Defendants at best sound in negligence and as such are insufficient under Estelle.  The motion to dismiss will be granted.  An appropriate Order will enter.[3]

                                      S/Richard P. Conaboy
                                      RICHARD P. CONABOY
                                      United States District Judge

DATED: FEBRUARY 13 , 2017

---

3.  In additional response to the motion to dismiss, Plaintiff filed an untimely request for leave to amend his Complaint. However, his proposed amendments do not overcome the deficiencies outlined in this Memorandum

10