```
              IN THE UNITED STATES DISTRICT COURT
                          FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA


OMAR FOLK,                          :
                                    :
           Plaintiff                :
                                    :
      v.                            :   CIVIL NO. 3:CV-13-474
                                    :
PRIME CARE MEDICAL, ET AL.,         :   (Judge Conaboy)
                                    :
           Defendants               :
```
___

## MEMORANDUM
### Background

This pro se civil rights complaint was filed by Omar Folk, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood). A Memorandum and Order issued August 18, 2016, granted dismissal in favor of Defendants Perry County, Pennsylvania Prison; Warden David Yeingst, Deputy Warden Thomas Long; Lieutenant Twigg; Sergeant Keller; the Perry County Prison Board and Chairman Charles Chenot. See Doc. 64.

By Memorandum and Order dated August 24, 2016, the Attorney General of Pennsylvania's motion to dismiss was granted. See Doc. 67. A September 1, 2016 Memorandum and Order granted Defendants City of Harrisburg, Dauphin County Prison, and Warden DeRose's motion to dismiss. See Doc. 69. By Memorandum and Order dated January 27, 2017, a motion to dismiss by Defendant Heidi R. Freese, an Assistant Federal Public Defender was granted.

1

By Memorandum and Order dated February 13, 2017 a motion to dismiss by Defendants include PrimeCare Medical, Inc.;[1] Physician's Assistant (PA) Tanya Shisler; Nurse Tom Toolan; and Doctor William Young was granted. See Doc. 85. As a result of those prior decisions the only remaining Defendant is Doctor Matthew Legel.

Presently pending is Defendant Prime Care's motion to strike service of the Remaining Defendant. See Doc. 90. According to the motion, service for Doctor Legel was improperly accepted by PrimeCare Medical's designated agent, its Director of Risk Management Sandra Ulerick. Thereafter Ulerick determined that Dr. Legel was not and never had been an employee of PrimeCare Medical.

An exhibit accompanying the motion indicates that during the relevant time period Doctor Legel was a first year orthopedic resident employed by Pinnacle Health System. See Doc. 90-4.

In a response to the motion, Folk asserts that he did not know and was never made aware of the fact that Doctor Legel was actually employed by Pinnacle health. See Doc. 105, p. 1. The Plaintiff has also prepared and filed a new notice of summons for Doctor Legel. See Doc. 107.

**Discussion**

In an initial notice of summons prepared by the Plaintiff, he identified Doctor Legel as being an employee of Prime Care medical. See Doc. 17, p. 3. As noted above, PrimeCare Medical's designated agent thereafter accepted service of the complaint on behalf of Dr. Legal.

---

1. PrimeCare is a private corporation which has been contracted o provide health care for inmates.

2

There is no dispute that Dr. Legel was never a PrimeCare Medical employee and that Ulerick was not authorized to accept service on Legel's behalf. Since the alleged failure to properly serve Doctor Legel was in part due to the Plaintiff's improper identification of said Defendant as being an employee of PrimeCare the motion to strike will be granted.

The only portion of the Complaint relating to Doctor Legel vaguely states "Doctor Matthew Legel stated I'm surprised you can still move your leg and also stated from it taking so long I will need reconstructed knee surgery and cask [sic] on my leg." Doc. 1, ¶ IV.

As previously discussed by this Court's February 13, 2017 Memorandum and Order, in order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). Under the subjective deliberate indifference component of Estelle, the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994).

A complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation

3

merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Based upon an application of the above standards and other decisions cited in the February 13, 2017 Memorandum to Plaintiff's sole, Folk's sparse assertion that Doctor Legel expressed an opinion that the inmate required knee surgery, a viable deliberate indifference claim has not been stated against the Remaining Defendant.

Since it has been concluded that a viable civil rights claims has not been asserted against Remaining Defendant Doctor Legel, sua sponte dismissal will be entered in his favor. See 28 U.S.C. § 1915 (e)(2)(B)(ii). An appropriate Order will enter.

S/Richard P. Conaboy  
RICHARD P. CONABOY  
United States District Judge

DATED; JANUARY 26, 2018